IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUIS MOURATIDIS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-3832 |
| | : | |
| KEISHA HUDSON, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

BARTLE, J.                                                                  JANUARY 10 , 2023

        Plaintiff Louis Mouratidis filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, asserting violations of his constitutional rights. The claims arise from ongoing state court criminal proceedings against Mouratidis. *Commonwealth v. Mouratidis*, CP-51-CR-59-2022 (C.P. Philadelphia). Currently before the Court are Mouratidis's Amended Complaint[1] (ECF No. 11), and his Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 3).[2] Mouratidis asserts claims against the Defender Association of Philadelphia and its employees: (1) Keisha Hudson, (2) Aaron Marcus, and David E. Deridder. (Am Compl. (ECF No. 11) at 2.)

---

[1] After the Court received his original Complaint, Mouratidis filed an Amended Complaint, which once submitted to the Court serves as the governing pleading in the case because an amended complaint supersedes the prior pleading. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (*per curiam*) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019), *cert. denied*, 140 S. Ct. 1611 (2020) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted); *see also Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (holding that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings").

[2] Also pending are two identical Motions *In Limine* and to Suppress (ECF Nos. 6, 7.) In light of the Court's disposition of Mouratidis's claims, these Motions will be denied as moot.

The Court will grant Mouratidis leave to proceed *in forma pauperis*. For the following reasons, Mouratidis's federal claims will be dismissed with prejudice and his state law claims will be dismissed without prejudice for lack of subject matter jurisdiction.

## I.     PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS[3]

The publicly available docket in *Commonwealth v. Mouratidis*, CP-51-CR-59-2022 (C.P. Philadelphia) reflects that Mouratidis is charged with possession of an instrument of crime, terroristic threats with intent to terrorize another, simple assault, recklessly endangering another person, and aggravated assault – attempts to cause or causes bodily injury with a deadly weapon. (*Id.*) Judge Crystal Bryant-Powell is listed as the presiding judge, and Judge Zachary C. Shaffer is listed as having presided previously. The Defender Association is identified as defense counsel. The case is currently awaiting a trial readiness conference. (*Id.*)

Mouratidis's pleading is disjointed, contains great amounts of superfluous information, and is not easily understood. He alleges that in July 2020, Cheung Hung Gar Kung Fu Academy advertised on Facebook for volunteers to assist with moving its inventory from its location at 1012 Cherry Street in Philadelphia to a storage location, and for final cleanup of the premises. (Am. Compl. at 7, 8.) Mouratidis alleges that he volunteered to help, and that he spent six hours on July 29, 2020 moving trash from the Academy's location to the street. (*Id.* at 9.) He alleges that when he was finished, employees of the salon in the neighboring building threw the trash bags back into the building housing the Academy. (*Id.* at 9.) A fight ensued, which resulted in the filing of a criminal complaint against Mouratidis. (*Id.*) *See also Commonwealth v.*

---

[3] The allegations set forth in this Memorandum are taken from Mouratidis's Amended Complaint. (ECF No. 11.) The Court adopts the pagination supplied by the CM/ECF docketing system. Additionally, the Court includes facts reflected in the publicly available state court docket, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

*Mouratidis*, MC-51-CR-21078-2020 (C.P. Philadelphia).  Mouratidis was arrested on October 26, 2020 and released after posting bail.  (*Id.*)

Mouratidis alleges that on November 9, 2020, he engaged the Defender Association to represent him, provided evidence relevant to the charges against him, and requested that the office investigate the incident.  (Am. Compl. at 5.)  When he returned to the office on November 13 to check on the progress of the investigation, he alleges he was told that no further investigation would be undertaken, and his case would be closed.  He was also allegedly told to leave the premises.  (*Id.* at 10.)  The Defender Association, nonetheless, has continued to represent Mouratidis in his criminal case.

Mouratidis alleges that, in the course of their representation of him, the Defendants became aware that 24 hours of video surveillance that included footage of the incident had been cut to less than two minutes and did not include exculpatory arguments leading up to the fight; that they conspired with the Philadelphia Court of Common Pleas Clerk's Office so that Mouratidis's *pro se* motions would not be docketed, and refused to subpoena witnesses or file a motion to quash on his behalf.  (*Id.* at 14-15, 16, 21.)  He alleges that they ignored the fact there was no probable cause supporting the charges against him, and stood mute when the criminal charges were refiled and amended.  (*Id.* at 21, 22.)  Mouratidis alleges that the Defendants were aware that evidence presented by Mouratidis was ignored at preliminary hearings, and, together with the District Attorney and the presiding judge, refused Mouratidis's request for discovery at a pretrial hearing that occurred on April 21, 2022.  (*Id.* at 23.)

Mouratidis alleges that after he requested discovery at the April 21 hearing, he was declared in contempt of court, his bail was increased to one million dollars, and he was involuntarily committed pursuant to the Mental Health Procedures Act.  (*Id.* at 25.)  Defendant Deridder was allegedly present at the hearing as standby counsel and did not object to these

actions by the trial court. (*Id.*) Mouratidis alleges that this constituted sabotage of his defense. (*Id.*) Mouratidis alleges that he was released on June 29, 2022. (*Id.* at 26.) Mouratidis alleges that he challenged the illegal orders entered following the April 21 hearing, and that Defendants Hudson and Marcus filed motions in opposition to Mouratidis's filings, in an effort to cover up their own malpractice and the trial court's illegal orders. (*Id.* at 27, 29.)

Mouratidis alleges that the Defendants conspired with the 6th District Philadelphia Detectives, who themselves tampered with evidence. (*Id.* at 30-31.) He alleges that the Defendants rejected his request to move to quash an allegedly false affidavit of probable cause approved by the District Attorney's Office. (*Id.* at 32.)

In short, Mouratidis alleges that throughout their representation of him in his pending criminal case, the Defendants have sought to sabotage his defense. Mouratidis asserts claims pursuant to 42 U.S.C. § 1983 based on violations of his First, Fourth, Sixth, and Fourteenth Amendment rights. (*Id.* at 33.) He also alleges violations of several federal statutes, including 42 U.S.C. §§ 1981, 1985, 1986, and 1988.[4] (*Id.* at 36.) He also asserts violations of numerous

---

[4] 42 U.S.C § 1981 prohibits, *inter alia*, racial discrimination in the making and enforcement of contracts. Mouratidis does not allege facts suggesting that racial discrimination impacted the retainer agreement between Mouratidis and the Defender Association. Mouratidis does not include any allegations suggesting that any other contractual relationship exists among the parties. Accordingly, a claim under § 1981 is not plausible. 42 U.S.C. § 1985(3) creates a cause of action against any two persons who "conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws. . . ." 42 U.S.C. § 1985(3). A required element of a § 1985(3) claim is that the conspiracy be motivated by racial or class based discriminatory animus designed to deprive an individual of the equal protection of the law. *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir.1997). Mouratidis does not allege that any of the conduct described in the Amended Complaint arose from racial or class based discriminatory animus designed to deprive him of the equal protection of the law. He, therefore, cannot state a plausible claim. "'[T]he success of a section 1986 claim is contingent upon the existence of a viable section 1985 claim.'" *Rosembert v. Borough of East Landsdowne*, 14 F.Supp.3d 631, 648 (E.D. Pa. 2014) (quoting *Murphy v. Yates*, 2005 WL 2989630, at *2 n.2 (E D. Pa. Aug. 8, 2005) (further citations omitted). Because Mouratidis has not stated a plausible claim under § 1985, he cannot state a plausible claim under § 1986. 42 U.S.C § 1988, which provides for an award of attorneys' fees

federal and state criminal statutes,[5] and the Rules of Professional Conduct governing attorneys.[6] (*Id.* at 36, 38.)  As relief for his claims, Mouratidis requests a preliminary injunction in the form of a restraining order against the Defendants and an order requiring them to discontinue their involvement in his case.  He also requests a declaration that the Defendants violated his constitutional rights, and an award of compensatory and punitive damages.  (*Id.* at 41-42.)

---

in certain circumstances, does not provide a basis for an independent right of action.  *See Vecchia v. Town of Hempstead*, 927 F. Supp 579, 580-81 (E.D.N.Y 1996) (citing *North Carolina Dep't of Transp. v. Crest Street Comm. Council, Inc.*, 479 U.S. 6, 14 (1986).  These claims will be dismissed.

[5] The allegation that criminal statutes were violated is conclusory and not plausible for this reason alone.  Moreover, criminal statutes generally do not give rise to a basis for civil liability.  *See Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (*per curiam*) ("Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action."); *Brown v. U.S. Dist. Ct. for the E. Dist. of Pa.*, No. 18-747 (E.D. Pa.) (Apr. 9, 2018 Order at 6 (dismissing claims under 18 U.S.C. § 1589 as "meritless and frivolous")), *aff'd*, 740 F. App'x 239, 240 (3d Cir. 2018) (*per curiam*); *Brown v. Progressive Specialty Ins. Co.*, 763 F. App'x 146, 147 (3d Cir. 2019) (*per curiam*) ("Brown's mere citation to various constitutional provisions cannot transform his state law claims into causes of action 'arising under' the Constitution.").  Indeed, the United States Supreme Court has stated that, unless specifically provided for, federal criminal statutes rarely create private rights of action.  *Nashville Milk Co. v. Carnation Co.*, 355 U.S. 373, 377 (1958) (stating that where a statute "contains only penal sanctions for violation of it provisions; in the absence of a clear expression of congressional intent to the contrary, these sanctions should under familiar principles be considered exclusive, rather than supplemented by civil sanctions of a distinct statute"); *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone.").  The fact that a statute has been violated and some person harmed does not automatically give rise to a private cause of action for the injured person.  *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979); *Cannon v. University of Chicago*, 441 U.S. 677, 689 (1979).  These claims will be dismissed.

[6] "Violation of the Rules of Professional Conduct does not, without more, mean the conduct is actionable or otherwise give rise to a cause of action against a lawyer." *Deitrick v. Costa*, No. 06-1556, 2015 WL 1605700, at *17 (M.D. Pa. Apr. 9, 2015 (citing *Maritrans GP, Inc. v. Pepper, Hamilton & Scheetz*, 602 A.2d 1277, 1284 (Pa. 1992).  This claim will be dismissed.

II.     STANDARD OF REVIEW

The Court will grant Mouratidis leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, his Amended Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and must be dismissed if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Mouratidis is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in

federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III. DISCUSSION

### A. Claims for Injunctive and Declaratory Relief

In his prayer for relief, Mouratidis requests a preliminary injunction in the form of a restraining order against the Defendants and an order requiring them to discontinue their involvement in his state court criminal case. He also requests a declaration that the Defendants violated his constitutional rights, and an award of compensatory and punitive damages. (Am. Compl. at 41-42.)

#### 1. Injunctive Relief

Mouratidis requests a restraining order against the Defendants and an order requiring them to discontinue their involvement in his criminal defense. However, in *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger*). One area where *Younger* abstention may apply is when there is an underlying state criminal prosecution. *See PDX N., Inc. v. Comm'r New Jersey Dep't of Labor & Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020) (internal quotations omitted). The specific elements that warrant abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989). These elements all apply to Mouratidis's request in this Court for an order barring the Defendants from acting as his

appointed counsel in the underlying state criminal prosecution. Because none of the exceptions to *Younger* apply, *see Younger*, 401 U.S. at 46, 53-54 (listing irreparable injury that is "both great and immediate," where the state law is "flagrantly and patently violative of express constitutional prohibitions," or a showing of "bad faith, harassment, or . . . other unusual circumstance" that calls for equitable relief), this Court must abstain from considering this request.

### 2. Declaratory Relief

Mouratidis seeks a declaration that the conduct of the Defendants violated his constitutional rights. Declaratory relief is unavailable to adjudicate past conduct. *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct."). A declaratory judgment is also not "meant simply to proclaim that one party is liable to another." *Corliss*, 200 F. App'x at 84 (*per curiam*); *see also Taggart v. Saltz*, No. 20-3574, 2021 WL 1191628, at *2 (3d Cir. Mar. 30, 2021) (*per curiam*) ("A declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm."). This request for relief is improper and will be denied.

### B. Section 1983 Claims

Mouratidis asserts constitutional claims against the named Defendants based on their participation in his criminal defense in state court proceedings. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws

of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). *See Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

All of Mouratidis's claims against the Defendants arise from their representation of him in pending state court criminal proceedings. These 1983 claims are not plausible because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (footnote omitted). "Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999). *See also Clark v. Punshon*, 516 F. App'x 97, 99 (3d Cir. 2013) (*per curiam*) (noting that a court-appointed attorney is not a state actor for purposes of § 1983); *Webb v. Chapman*, 852 F. App'x 659, 660 (3d Cir. 2021) (*per curiam*) ("[A]ttorneys representing individuals in criminal proceedings generally are not state actors for purposes of § 1983."); *Singh v. Freehold Police Dep't*, No. 21-10451, 2022 WL 1470528, at *2 (D.N.J. May 10, 2022) ("Plaintiff['s] dissatisfaction with the representation provided by Mr. Moschella does not provide a basis for a civil rights claim against him."). Because the Defendants in their roles as public defenders are not state actors, Mouratidis's federal claims against them will be dismissed with prejudice.

C.     **State Law Claims**

Mouratidis also asserts state law claims including legal malpractice, negligence, and conspiracy against the named Defendants. (Am. Compl. at 5, 13, 15, 17.) However, because the Court will dismiss Mouratidis's federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over his state law claims. Accordingly, the only independent basis for jurisdiction over those claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Mouratidis alleges that he is homeless and provided the Court with a New Jersey mailing address. (Am. Compl. at 1.) Mouratidis does not allege his own citizenship or the citizenship of the other parties and does not provide addresses for them. (*Id.* at 2.) Accordingly, he has not met his burden to sufficiently allege that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue. His state law claims will be dismissed without prejudice for lack of subject matter jurisdiction.[7]

IV.   **CONCLUSION**

For the reasons stated, Mouratidis will be granted leave to proceed in forma pauperis and his motion to amend his Complaint will be granted. His federal claims against the Defendants will be dismissed with prejudice. Mouratidis will not be granted leave to amend these claims because amendment would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). Mouratidis's state law claims will be dismissed without prejudice for lack of subject matter jurisdiction. An appropriate Order follows.

---

[7] If Mouratidis can plausibly allege diversity of citizenship, he may file a motion for reconsideration of the dismissal of his state law claims.